## EHRENREICH v. KNUDSEN.

(Supreme Court, Appellate Term, First Department. March 22, 1916.)

1. REPLEVIN ⟜107—JUDGMENTS—FORM OF.
    In an action for the possession of chattels delivered to defendant, judgment should be either for recovery of the property, or for its value, in case delivery could not be had, with damages for detention.
    [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 424–428; Dec. Dig. ⟜107.]

2. APPEAL AND ERROR ⟜1149—TERMINATION—JUDGMENT.
    Where a judgment in an action for the recovery of property was defective, in not providing for its return, that error may be corrected by the appellate court.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ⟜1149.]

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. REPLEVIN ⬤➾106—ACTIONS—EVIDENCE.

In an action for the recovery of personalty, the measure of damages is the value of the chattels at the time of trial.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 416–423; Dec. Dig. ⬤➾106.]

4. REPLEVIN ⬤➾72—ACTIONS—EVIDENCE.

In an action to recover possession of five pictures, which were part of a lot of eight delivered to defendant, testimony that the eight were worth $800 will not support a judgment of $500 for the five not delivered.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 292–295; Dec. Dig. ⬤➾72.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Alfred Ehrenreich against Hugo Knudsen. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Alfred Benevy (Charles Goldzier, of New York City, of counsel), for appellant.

Winter & Winter, of New York City, for respondent.

PER CURIAM. This action is brought to recover possession of five pictures, or for the sum of $500, with interest, in case possession thereof cannot be obtained. Plaintiff testified that he delivered eight pictures to defendant in the city of London in December, 1913, with the understanding that the same were to be returned upon demand. Plaintiff claims that defendant did return three of the pictures in question, but that he has refused to deliver the remaining five. The court below directed judgment for the plaintiff for the sum of $500 and costs.

[1] Since this is an action for the possession of chattels, the judgment should have been for the recovery of the property, or for the value thereof in case delivery could not be had, together with damages for its detention.

[2] The form of the judgment could be corrected by this court; but it is unable to do so, in view of the fact that there are other errors in the record which require a reversal of the judgment.

[3, 4] The learned court below permitted plaintiff to state the value of the pictures at the time of their delivery to defendant. The proper consideration in such an action as this is the value of the chattels at the time of trial. Furthermore, plaintiff asserted the value of the eight pictures to have been $800. Three were returned, and the record is silent as to their value. In fact, there is no testimony in the case upon which an appraisal of the value of the individual pictures could be made, and it is difficult to understand how the court below reached the decision it did.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event.

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes